# SIMMONS and ODENHEIMER v STATE OF FLORIDA
## Case No. 87-2 AP and 87-3 AP
Fourth Judicial Circuit, Duval County
March 16, 1988

### APPEARANCES OF COUNSEL

**Scott Fortune,** for appellants.
**Tim Kimbrel,** Assistant State Attorney, for appellee
Before VIRGINIA L. BEVERLY, Circuit Judge.

### OPINION OF THE COURT

The Appellants have appealed the Trial Court's denial of their Motions to Dismiss and For Judgment of Acquittal.

Their cases have been consolidated for the purpose of appeal. Each was served with a Citation for Misdemeanor on April 8, 1986, alleging a violation of Section 843.02, Florida Statutes, for resisting an officer without violence to his person. The alleged misdemeanors arose out of the same incident.

The Appellants were in their respective bedrooms in their home, at approximately 10:15 P.M. on the evening in question. The arresting officer entered the home without permission, without consent, and without probable cause to believe that a felony had been committed. He did not have a warrant for the arrest of the Appellants.

Prior to the arrest, the officer observed a young man hollering obscenities at a female near a convenience store a few blocks from Appellants' home. Suspecting that the young man was under the influence of alcoholic beverages, the officer followed the young man as he drove slowly several blocks and parallel parked in front of the residence in question which was the young man's home. At this point, the officer turned on the blue lights of the patrol car, alighted from his car and told the man that he wanted to talk to him for a minute. The youngster refused to approach the officer; the office gave chase, and followed him into Appellants' home. The young man exited the back door; the Appellants came out of their rooms and asked the officer to leave their home. Appellants, Simmons, is the mother of the young man whom the officer was following. The officer told them they would be arrested if they did not step aside.

The officer testified that with regard to the DUI, "I didn't have nothing to go on." He never made any attempt to pursue or stop the young man for breach of peace.

Motions to Dismiss the charge were filed pursuant to Rule 3.190(c)(4), Florida Rules of Criminal Procedure. The Motions were properly dismissed because they were not sworn to as required by the Rule, and also the State filed Traverses pursuant to Rule 3.190(d), Fla. R. Cr. P. The validity nor the sufficiency was contested.

The defendants were tried by the jury and convicted. Subsequently, they filed Motions for a New Trial and for Acquittal. Both were denied.

It is clear from a review of the evidence that Appellants had done nothing for which they could be arrested or which would sustain a charge of resisting an officer without violence under Section 843.02, Florida Statutes.

The arrest was invalid. The conviction is reversed.

The Appellants' Supplemental Motion for Judgment of Acquittal was untimely filed and has not been considered.

It is therefore:

ORDERED:

The Trial Court is reversed herein and the conviction is reversed since the arrest was invalid.

DATED this 16th day of March, 1988, in Chambers at Jacksonville, Duval County, Florida.